**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4621**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENJAMIN FAULKNER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:17-cr-00045-JAG-1)

Submitted: April 6, 2018                                    Decided: April 13, 2018

Before MOTZ, DUNCAN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant. Jessica D. Aber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Benjamin Faulkner pled guilty to aggravated sexual abuse of a minor, 18 U.S.C. § 2241(c) (2012). He was sentenced to life in prison. Faulkner appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising four issues. Faulkner has filed a pro se supplemental brief raising two of the issues identified in the *Anders* brief. The United States moves to dismiss the appeal based upon a waiver-of-appellate-rights provision in the plea agreement. Faulkner opposes the motion. We grant the motion to dismiss the appeal.

I

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

A

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Other factors to be considered are whether the waiver

2

language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *Id.* at 400-401; *see United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Wessells*, 936 F.3d 165, 167-68 (4th Cir. 1991). Generally, if the district court specifically questioned the defendant regarding the waiver during the colloquy or the record otherwise indicates that the defendant understood the full significance of the waiver, the waiver is valid. *Johnson*, 410 F.3d at 151.

Faulkner's plea agreement provided in a paragraph captioned "Waiver of Appeal; FOIA and Privacy Rights:"

> [T]he defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum . . . (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States. . . .

At his Rule 11 hearing, Faulkner informed the court that he was born in 1991 and had the equivalent of a master's degree in computer security. He was not under the influence of drugs or alcohol. Faulkner expressed satisfaction with his lawyer's services and advice. He understood the rights he was waiving by pleading guilty. He also understood the charge against him and the penalty he faced. Faulkner stated that he had read and signed the plea agreement, which he had discussed with his attorney. No one had forced or pressured him to plead guilty. The district court reviewed the plea agreement and specifically inquired about the appellate waiver. Faulkner stated that he

3

understood that, in accordance with his plea agreement, he had given up the right to appeal. He admitted his guilt.

Based on the totality of the circumstances, we conclude that the waiver was knowingly and intelligently entered. As described above, the court substantially complied with the requirements of Rule 11[1] and questioned Faulkner at the Rule 11 hearing about the waiver.[2] Additionally, Faulkner was familiar with the plea agreement, in which the waiver of his right to appeal both his conviction and sentence was clearly set forth in a separate paragraph. We conclude that Faulkner's waiver is valid and enforceable.

B

In both the *Anders* and pro se briefs, Faulkner claims that his life sentence is unreasonable. This issue clearly falls within the scope of the waiver. *See Blick*, 408 F.3d at 169.

---

[1] Both in the *Anders* and pro se briefs, Faulkner contends that his guilty plea is invalid because he was unaware that he had the right to present evidence and call witnesses. Our review of the plea transcript and the plea agreement convinces us that Faulkner was well aware of these rights. Further, counsel's claim that Faulkner's Canadian citizenship invalidated the guilty plea lacks merit. Faulkner informed the court at the Rule 11 hearing that he could read, write and understand English, and, in accordance with Fed. R. Crim. P. 11(b)(O), the court informed him that he would be deported to Canada once he completed his sentence.

[2] Contrary to counsel's argument in the *Anders* brief, the validity of the waiver is not impacted because the district court did not mention the waiver at sentencing.

II

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we grant the motion to dismiss the appeal. This court requires that counsel inform Faulkner, in writing, of the right to petition the Supreme Court of the United States for further review. If Faulkner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Faulkner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*